[Crim. No. 8166. First Dist., Div. Two. Nov. 24, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
JOE WILLIE JOHNSON, Defendant and Appellant.

**COUNSEL**

David Shagam, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Derald E. Granberg and Gary Garfinkle, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SHOEMAKER, P. J.**—This is an appeal by defendant Joe Willie Johnson from a judgment convicting him of rape and burglary. His sole contention on appeal is that he had a constitutional right to represent himself at the preliminary hearing and that the denial of this right requires a reversal of the judgment of conviction. The case is one of first impression.

Defendant's preliminary examination was held in the municipal court on February 4, 1969. At the inception of the hearing, defendant advised the court that he did not desire the services of the public defender and wished to act as his own counsel. He stated that he had made three requests to be allowed to represent himself and that they had been denied. He further stated that he knew that he could send himself to the penitentiary through his own ignorance but that he was willing to accept that responsibility and to insist upon his constitutional right of self-representation. The court summarily denied defendant's request and made no attempt to question defendant in order to determine his qualifications to act as his own counsel. Defendant was represented by the public defender at the preliminary hearing, and, at the conclusion of said hearing, was held to answer in the superior court to the charges of rape, robbery and burglary.

On February 19, 1969, defendant was charged by information with rape, robbery and burglary, and with having sustained 13 prior felony convictions.

On March 11, 1969, defendant filed a declaration and motion to proceed in propria persona. On the same day, he also filed a motion to set aside the information, under Penal Code, section 995, alleging that he had been denied the right to represent himself at the preliminary hearing.

The trial court granted defendant's motion to proceed in propria persona, and denied his motion for dismissal.

Defendant was arraigned on March 19, 1969, and stood mute when asked to plead to the information. The court entered a plea of not guilty to the three offenses charged and a denial of the 13 prior convictions.

On April 22, 1969, the case came on for trial. Defendant admitted the first seven prior convictions charged in the information but denied the validity of the remaining six. Thereupon, the prosecutor moved the striking out of the said six priors and the motion was granted.

During the trial, defendant moved to dismiss the robbery count of the information, and, the prosecutor joining in the motion, the court dismissed the

count in the interests of justice. On the same day, the jury returned a verdict finding defendant guilty of rape and burglary.

Defendant was sentenced to state prison on the burglary conviction for the term prescribed by law, and the execution of sentence on the rape conviction was stayed upon conditions.

■ Defendant contends that he was competent to represent himself because he had sustained seven prior felony convictions and was therefore familiar with criminal procedure. Further, defendant asserts that he was permitted to conduct his own defense at the trial and that the trial judge complimented his legal ability on more than one occasion and, at one point in the trial, expressed the view that defendant was better able to protect himself than some lawyers. Under these circumstances, defendant argues that he had a constitutional right to represent himself at the preliminary hearing and that since he was summarily deprived of this right, the ensuing judgment of conviction must be reversed.[1]

■ It is settled that a defendant is entitled to waive counsel and represent himself at the trial if he knowingly and intelligently elects to do so. (*People* v. *Maddox* (1967) 67 Cal.2d 647, 651 [63 Cal.Rptr. 371, 433 P.2d 163].) ■ It is also the rule that where a defendant demonstrates the competence to conduct his own defense and to understand the ramifications of his decision to do so, it is error for the trial court to deny his timely request to act as his own counsel and such error is not subject to the application of the harmless error rule. (*People* v. *Ruiz* (1968) 263 Cal.App.2d 216 [69 Cal.Rptr. 473].)

■ The right to defend oneself and the right to be represented by counsel, if such representation is desired, are both fundamental and primary.

The authorities leave no doubt that the court cannot force a competent defendant to be represented by an attorney at the trial. Our research has not turned up a case that has dealt with the rights of a defendant who was allowed to represent himself at the trial but was deprived of such right at the preliminary hearing. ■ However, a recent decision of the United States Supreme Court is most apt. In *Coleman* v. *Alabama* (1970) 399 U.S. 1 [26 L.Ed.2d 387, 90 S.Ct. 1999], the Supreme Court held that the right to counsel exists at preliminary examinations which may be characterized as "critical." (There would appear to be no doubt that a California

---

[1]The People concede that defendant preserved his right to raise this point on appeal by making a timely motion to dismiss the information under Penal Code section 995. (*People* v. *Rebolledo* (1949) 93 Cal.App.2d 261, 264 [209 P.2d 16]; cf. *People* v. *Harris* (1967) 67 Cal.2d 866, 868 [64 Cal.Rptr. 313, 434 P.2d 609]; *In re Wells* (1967) 67 Cal.2d 873, 875 [64 Cal.Rptr. 317, 434 P.2d 613].)

preliminary hearing is likewise "critical" under the criteria stated in the *Coleman* decision, and the People so concede.)

In addition, the Supreme Court held that the harmless error doctrine applies to the right to counsel at preliminary hearings. (*Coleman* v. *Alabama, supra,* pp. 10-11, 18 [26 L.Ed.2d at pp. 397-398, 401].) When we consider the present case in the light of the *Coleman* decision, we are compelled to affirm the judgment entered herein.

If it be assumed that a defendant, being entitled to counsel at the preliminary hearing, is also entitled to represent himself at such hearing, it is obvious that the denial of the right of self-representation would likewise be subject to the harmless error test. There can be no question that there would be far less likelihood of prejudice resulting from the denial of a defendant's right to represent himself at the preliminary hearing than from the denial of his right to counsel at such hearing.

In the instant case, we cannot conceive how the defendant could have been prejudiced because he was not allowed to represent himself at the preliminary hearing. The record of that hearing shows that the prosecution called only one witness, the alleged victim of the burglary and rape. This witness was thoroughly cross-examined by the public defender, and she was present at the trial, where defendant had the opportunity to and did cross-examine her at length himself. Defendant has failed to suggest any way in which he was prejudiced by the court's refusal of his request to represent himself at the preliminary hearing. In our opinion, such refusal, if erroneous, was harmless beyond a reasonable doubt.

The purported appeal from the order denying defendant's motion for dismissal is dismissed, and the judgment of conviction is affirmed.

Agee, J., and Taylor, J., concurred.