[Crim. No. 30838. Second Dist., Div. Three. Dec. 29, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERTO MANUEL TYNER, Defendant and Appellant.

COUNSEL

Paul N. Halvonik, State Public Defender, under appointment by the Court of Appeal, and Charles M. Sevilla, Chief Assistant State Public Defender, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Robert F. Katz, Edward T. Fogel, Jr., and Robert S. Henry, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

THE COURT.*—Roberto Manuel Tyner was convicted in a jury trial of second degree robbery (Pen. Code, §§ 211, 211a). He was sentenced to state prison and appeals contending, in essence, that he was erroneously deprived of his constitutional right of self-representation (*Faretta* v. *California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525], hereinafter *Faretta*), and as a result a reversal of his conviction is mandated. We have concluded that the contention is meritorious.

*Before Cobey, Acting P. J., Allport, J., and Potter, J.

On January 21, 1977, appellant's matter was called for jury trial.[1] Prior to impanelment of the jury, appellant expressed his displeasure regarding the quality of representation being provided by the deputy public defender. Appellant told the court, inter alia, that: (1) he wanted to "dismiss counsel," (2) he wanted to represent himself, (3) he was aware that he was facing "ten years to life,"[2] and (4) *he was ready to proceed forthwith.* He also indicated that his · theory of defense was "mistaken identification" and that he was *ready* to cross-examine adverse witnesses and had prepared "fifty questions in which to cross-examine the witnesses." After listening to appellant, the court denied his request to "dismiss" the deputy public defender and to represent himself.[3] Contrary to the attorney general's position, at no time did appellant seek to have a new attorney appointed to represent him. Therefore, the discussion in *People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44], and its progeny are inapposite to the resolution of this appeal.

The matter proceeded to jury trial and the People introduced evidence, credited by the jury, that appellant committed a robbery at the box office of the Park Theatre. Appellant was positively identified by the victim of the robbery, Ms. Luz Gutierrez. Appellant testified in his own behalf, admitted being near the Park Theatre at the subject time, but asserted that he was merely window-shopping and patronizing bars in the area.

"[I]n order to invoke the constitutionally mandated unconditional right of self-representation a defendant in a criminal trial should make an unequivocal assertion of that right within a reasonable time prior to the commencement of trial. Accordingly, when a motion to proceed *pro se* is timely interposed, a trial court must permit a defendant to represent himself . . . ." (*People* v. *Windham* (1977) 19 Cal.3d 121, 127-128 [137 Cal.Rptr. 8, 560 P.2d 1187], fn. omitted.) In amplicification of the foregoing, our Supreme· Court said,. "Our imposition of a 'reasonable

[1]It had originally been set for jury trial on January 20, 1977, but had been continued for one day on the court's motion due to a congested court calendar. Prior to January 21, 1977, appellant had been represented by the public defender.

[2]Appellant was originally charged with robbery with the allegation that he used a firearm in the commission thereof. (Pen. Code, § 12022.5.) As indicated, he was found guilty of second degree robbery only.

[3]"THE COURT: I am sorry, Mr. Tyner, but your request at this time is denied. [¶] This matter is already ready to go to trial and the Court is not going to permit a discharge of counsel at this point. [¶] That ruling [presumably *Faretta*] as to being able to go in propria persona I do not feel applies whatsoever to a situation where it's the day of trial . . . ."

time' requirement should not be and, indeed, must not be used as a means of limiting a defendant's *constitutional* right of self-representation. We intend only that a defendant should not be allowed to misuse the *Faretta* mandate as a means to unjustifiably delay a scheduled trial or to obstruct the orderly administration of justice." (*People* v. *Windham, supra,* at p. 128, fn. 5; italics in the original.)

We recognize that the motion for self-representation in the instant case preceded our Supreme Court's filing of its decision in *People* v. *Windham, supra.* Nevertheless, since it is undisputable that appellant's motion for self-representation was made prior to trial and was not accompanied by any request for a continuance, its grant would not have obstructed the orderly administration of justice. Therefore, we can only conclude appellant was denied his otherwise unconditional constitutional right of self-representation.

■ The question remains "what standard of reversible error" should be applied when a trial court erroneously denies a timely self-representation motion.[4] Even before the constitutional dimension of the right of self-representation was recognized in *Faretta,* it was held that deprivation of the right of self-representation at trial was reversible per se. (*People* v. *Ruiz* (1968) 263 Cal.App.2d 216, 226-228 [69 Cal.Rptr. 473].) This holding was recognized and reiterated in *People* v. *Johnson* (1970) 13 Cal.App.3d 1, 4 [91 Cal.Rptr. 203], but as that case concerned the right to self-representation at a preliminary hearing rather than at trial the court instead adopted a "harmless error" test. (*Id.* at p. 5.) Since it had been held that the federal constitutional harmless error doctrine applies to the right to counsel at preliminary hearings (see *Coleman* v. *Alabama* (1970) 399 U.S. 1, 10-11; 18 [26 L.Ed.2d 387, 397-398, 401, 90 S.Ct. 1999]) it was reasoned that the right to self-representation there should be governed by the same standard of review. (*People* v. *Johnson, supra,* at pp. 4-5.) On the other hand, in *People* v. *Sharp* (1972) 7 Cal.3d 448 [103 Cal.Rptr. 233, 499 P.2d 489], which was overruled in *Faretta,* our Supreme Court held that where an accused had made a less than compelling showing of his competence to represent himself, the deprivation of that then nonconstitutional right was to be reviewed under the lesser standard of *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]. (*People* v. *Sharpe, supra,* 7 Cal.3d at pp. 462-463.)

---

[4]In *People* v. *Windham, supra,* 19 Cal.3d at page 131, footnote 7, our Supreme Court said, "Because we discern no error and affirm the judgment it is unnecessary to determine by what standard of reversible error the erroneous denial of a *Faretta* motion should be judged."

The *Faretta* court, without discussing the appropriate standard of reversible error, ordered the judgment vacated and the matter remanded for further proceedings consistent with the opinion. *(Faretta, supra,* 422 U.S. at p. 836 [45 L.Ed.2d at p. 582].) The erroneous denial of a timely motion for self-representation, however, simply does not lend itself to review by any standard short of per se reversal. (Cf. *People* v. *Gainer* (1977) 19 Cal.3d 835, 854-855 [139 Cal.Rptr. 861, 566 P.2d 997]; *People* v. *Rist* (1976) 16 Cal.3d 211, 223 [127 Cal.Rptr. 457, 545 P.2d 833]; *People* v. *Hill* (1974) 12 Cal.3d 731, 768-769 [117 Cal.Rptr. 393, 528 P.2d 1].) The rationale in the *Faretta* decision that criminal defendants have a right to self-representation "is that the state may not constitutionally prevent a defendant charged with commission of a criminal offense from controlling his own fate by forcing on him counsel who may present a case which is not consistent with the actual wishes of the defendant." *(People* v. *Windham, supra,* 19 Cal.3d at p. 130.)

The evidence presented when an attorney rather than the defendant has control over the court proceedings and the exclusive authority to make decisions as to matters of trial tactics (see *People* v. *Williams* (1970) 2 Cal.3d 894, 905 [88 Cal.Rptr. 208, 471 P.2d 1008]; *People* v. *Jackson* (1960) 186 Cal.App.2d 307, 315-317 [8 Cal.Rptr. 849]) will inevitably be at a variance with that adduced when the defendant is self-represented. While we could easily speculate that the evidentiary picture would almost certainly be worse when a defendant represents himself, such is not necessarily so. Nor do we discount the fact that the jury might be favorably impressed by listening to the voir dire, opening statement and closing argument by a *Faretta* defendant. Adoption of any other standard would tend to eviscerate the *Faretta* holding. We, therefore, hold that erroneous deprivation of the timely asserted unconditional right of self-representation in·a criminal trial is reversible error per se.[5]

The judgment is reversed.

Respondent's petition for a hearing by the Supreme Court was denied February 23, 1978. Clark, J., was of the opinion that the petition should be granted.

---

[5]In accord, *United States* v. *Dougherty* (D.C. Cir. 1972) 473 F.2d 1113, 1128-1129 [154 App.D.C. 76], a pre-*Faretta* decision viewing the right of self-representation as merely an unqualified statutory right. *(Id.* at p. 1123.)