116 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TRACYE BERNARD WASHINGTON, aka: Tracye B. Washington,
Petitioner-Appellant,
v.
Steven CAMBRA, Jr., Warden, California State Prison System;
Daniel E. Lungren, Attorney General, of the State
of California, Respondents-Appellees.
 No. 96-55432.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1997.*
Decided June 17, 1997.
 
 MEMORANDUM**
 Appeal from the United States District Court for the Central District of California, No. CV-94-08338-Kn (BQR); David V. Kenyon, District Judge, Presiding.
 Before: BROWNING, FLETCHER and KOZINSKI, Circuit Judges.
 
 
 1
 When the California courts adjudicated petitioner's claim that he should have been allowed to proceed pro se at his preliminary hearing, no federal court had addressed whether such an error could be harmless. The caselaw that did exist, however, strongly suggested that harmless error analysis applies. In Coleman v. Alabama, 399 U.S. 1 (1970), the Supreme Court held that the denial of a defendant's right to counsel at a preliminary hearing could be harmless, id. at 10-11, despite the fact that the same error would mandate reversal if it occurred at trial. See Arizona v. Fulminante, 499 U.S. 279, 309 (1991). Likewise, although the Supreme Court held in Faretta v. California, 422 U.S. 806 (1975), that denial of the right to proceed pro se at trial requires automatic reversal, analogy with Coleman suggests that an identical error at the preliminary hearing is subject to harmless error analysis. See People v. Johnson, 91 Cal.Rptr. 203, 205 (Cal.Ct.App.1970) ("When we consider the present case in light of the Coleman decision ... it is obvious that the denial of the right of self-representation [at a preliminary hearing] would ... be subject to the harmless error test.").
 
 
 2
 We are barred from announcing on habeas a new rule unless it places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" or if it requires "the observance of 'those procedures that ... are implicit in the concept of ordered liberty,' " see Teague v. Lane, 489 U.S. 288, 307, 310 (1989) (citations omitted). Neither exception applies here. We review petitioner's claim for harmless error because we agree with the California courts in Johnson that Coleman v. Alabama dictates that we should; we announce no new rule at all. Petitioner does not, however, allege that he was in any way prejudiced by the denial of his right to proceed pro se at his preliminary hearing. Nor could he, as his guilt was adjudicated in a full and fair trial.
 
 
 3
 AFFIRMED. Defense counsel's motion to withdraw as counsel of record is GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3