Filed 9/23/13  P. v. Ellis CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT LEE ELLIS,<br><br>    Defendant and Appellant. | B243116<br><br>(Los Angeles County<br>Super. Ct. No. TA122496) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Tammy Chung Ryu, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Linda C. Johnson, Supervising Deputy Attorney General, Michael Katz, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

A jury convicted defendant and appellant Robert Lee Ellis of false imprisonment by violence (Pen. Code, § 236[1]), criminal threats (§ 422, subd. (a)), assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)), and dissuading a witness from prosecuting a crime (§ 136.1, subd. (b)(2)). The jury found true the allegations that defendant personally inflicted great bodily injury in the commission of the false imprisonment, criminal threats, and assault. (§ 12022.7, subd. (a).) The trial court found true the allegations that defendant suffered a prior conviction within the meaning of sections 667, subdivisions (a)(1) and (b) through (i), and 1170.12, subdivisions (a) through (d). The trial court sentenced defendant to 21 years, four months in state prison. On appeal, defendant contends that the trial court violated his constitutional right of self-representation when it denied his *Faretta*[2] motion. We affirm.

## FACTS[3]

Defendant was charged with physical abuse and criminal threats directed at his girlfriend. After he was arrested he called her and told her to testify that someone else had inflicted the injuries.

## DISCUSSION

Defendant contends that the trial court violated his constitutional right of self-representation when it denied his *Faretta* motion. He asserts that because his motion was timely and not made for the purpose of delaying or disrupting the trial, the trial court violated his constitutionally mandated unconditional right to represent himself and the

---

[1]     All statutory citations are to the Penal Code unless otherwise noted.

[2]     *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*).

[3]     Because the facts underlying defendant's offenses are not relevant to defendant's claim on appeal, we dispense with a complete recitation of those facts.

trial court's error was reversible per se. We hold that defendant's motion was not timely, having been made after jury selection commenced. Thus, defendant's motion was subject to the trial court's discretion. Defendant does not argue in the alternative that the trial court prejudicially abused its discretion in denying his motion if untimely.

## A.    Background

On July 2, 2012, a panel of prospective jurors was called and voir dire commenced. The next day, prospective juror number four informed the trial court that he had overheard a conversation outside the courtroom that may have been about the case against defendant. Because the prospective juror thus had become a potential witness, the trial court granted the defense motion for a "mistrial"[4] and excused the jury panel.

On July 5, before jury selection resumed, and as a new jury panel was checking in, defense counsel informed the trial court that defendant wanted to represent himself. Defendant also told the trial court that he wanted to represent himself for the trial, stating, "I just would like my *Faretta* rights." The trial court acknowledged a defendant's right to represent himself, but added, "At this late in the process where we already actually started the jury trial and we're now going to start to impanel a new set of jurors in this case, it does seem kind of late for you to be asking the court."

The trial court confirmed that defendant had not previously requested to represent himself and asked him, "[C]an you tell me why you want to represent yourself and how long you thought of doing this?" Defendant replied, "Your Honor, I been thinking about representing myself. I think I could represent myself better than the public defender here with all due respect. I have just, like, received my case and everything. I could represent myself better because I have—I have law experience. I have no law experience." Defendant had not previously represented himself, but had studied criminal law by reading books while in prison from the age of 16 to the age of 24. Defendant understood that the charges against him carried a sentence of life in prison.

---

**4**    The jury not having been sworn, there was no trial or jeopardy. (*People v. Lynch* (2010) 50 Cal.4th 693, 714, fn. 6; *People v. Whitaker* (2013) 213 Cal.App.4th 999, 1010.)

The trial court asked defendant if he would be ready to start the trial that day if the trial court granted his request to represent himself or if he would need time to prepare. Defendant replied, "Time to prepare because I don't know my case and I never really discussed my case with the deputy public defender here. I barely finding out things in my case from Friday, things that I can prove and all kinds of things, so—" Defendant said that he would need "60, 90 days from today" to prepare.

The trial court asked defendant if he was requesting additional time so that he could share information with defense counsel or if he was saying that he was not speaking with defense counsel. Defendant responded, "I would like to take the case into my own hands. I never—I never—me and him did never talk about the case. This is the most I talked to him. There are things in my case that I never knew about until I got my paperwork Friday. He told me that he sent my paperwork three months ago. I never received my paperwork."

Defendant clarified that the "paperwork" to which he referred was his preliminary hearing transcript. The trial court said, "You were there during the preliminary hearing so you heard what everybody said." Defendant replied, "Yeah, but we never discussed the case. It was never discussed and I just thought there were certain things that we talked about. But when I looked into the case, there is a whole lot of stuff and the case was handled wrong. So I would like to take the matter into my own hands."

The trial court asked defendant if he wanted time to talk to defense counsel about some of the questions he might have. Defendant said, "No, ma'am." The trial court asked if defendant had tried to talk with defense counsel about his questions. Defendant said that he had. The trial court asked, "And so what came up?" Defendant responded, "Nothing came up at all. Nothing came up." The trial court inquired if defendant was asking that new defense counsel be appointed. Defendant replied that he was not seeking new counsel. The trial court took a brief recess to consider defendant's *Faretta* motion.

When the trial court returned, it asked defendant a series of questions concerning his *Faretta* motion. In response, defendant said that this was his first motion to represent himself, he was aware of the maximum sentence he was facing, the only legal training he

4

had was reading law books in prison, and he understood that he would be at a disadvantage because he would be facing a prosecutor with years of experience who had been trained in law school and in the District Attorney's Office and who had tried numerous jury trials. Defendant said that he further understood that the trial court would not help him, he would not be entitled to special privileges because he was representing himself, he would have to conduct himself in court as professionally as an attorney, and he might not have access to the types of research and other resources available to the District Attorney's Office.

The trial court noted that there had been two days of jury selection and that 35 prospective jurors were waiting outside the courtroom. It again acknowledged that a defendant had the right to represent himself, but explained that the right was limited by the time in the proceedings the request for self-representation was made. The trial court then provided a chronology of events in defendant's case: on March 20, defendant was arraigned; at least as of April 4, defense counsel had been appointed to represent defendant; on April 18, defense counsel represented defendant at the preliminary hearing and succeeded in having one count dismissed; on May 2, defendant was arraigned on the information and, the trial court observed, it appeared that "there was no time waiver entered at all requesting any additional time to investigate or get discovery"; trial was set for June 29, as day 57 of 60; pretrial hearings were held on May 30 and June 14, at which hearings defendant was present and represented by defense counsel; the trial was trailed from June 29 to July 2 at the prosecutor's request due to witness unavailability; on July 2, the case was sent to the trial court for trial; and on July 2 and 3, jury selection was conducted and, the trial court observed, may have been completed had the trial court not required a new jury panel due to the issue with prospective juror number four.

The trial court stated that defendant had not requested to represent himself or expressed dissatisfaction with defense counsel at any time during the chronicled events. It stated that defendant's *Faretta* motion appeared to be untimely and that it was inclined to deny it. In addition, the trial court noted, defendant had said that he needed 60 to 90 days to prepare to prepare for trial if his motion was granted.

5

The trial court then denied defendant's *Faretta* motion. It asked defendant if he wanted to "say anything else." Defendant stated his belief that because the trial court had declared a mistrial, he should receive a new trial date 60 days from the date of the declared mistrial.[5] The trial court replied, "I'm not sure if that is the case since we were in jury selection. I believe both sides have announced that they were ready to proceed to start the trial with the jury today. Nobody said that they wanted a continuance to prepare anything more."[6]

The trial court asked defendant if he had anything else to say. Defendant said, "[T]he case is a sloppy case how it's been done. There are motions and things that haven't been—there's a lot of information that I gave to him and he have not, you know, moved forward to use it or anything of that nature." The trial court said that it appeared that defendant was dissatisfied with defense counsel's representation and asked defendant if he was asking the court to relieve defense counsel and appoint new counsel. The trial court informed defendant that it could hold a confidential hearing at which he could state the reasons he was dissatisfied with defense counsel, and asked him if he wanted it to consider appointing new counsel.

Defendant replied, "That's not the case. It's not that I'm dissatisfied with him. It has nothing to do with it. I can handle my case to the best of my ability—to the best for me. That's why, you know, I want to take it into my own hands because I know what I'm doing. I know what I'm doing so—" The trial court stated, "So it's not because you are not satisfied with the way [defense counsel]'s been handling your case. You just want to represent yourself." Defendant responded, "Yes, ma'am. I think it would be best for me. I'm sure about that.

---

[5] Section 1382, subdivision (a)(2) provides that a defendant has a right to be retried within 60 days of a mistrial.

[6] As discussed below, the trial court ultimately ruled that it had not declared a mistrial when it excused the jury panel and defendant thus was not entitled to an additional 60 day period to prepare for trial. Defendant does not challenge that ruling in his appeal.

The trial court observed that when it declared a mistrial, both sides indicated that they were ready to proceed and neither side stated that the "mistrial" started a new 60-day period to bring the case to trial or indicated that it needed more time to prepare.[7] The only reason there had been a delay was because there were no available jurors when the "mistrial" was declared. Any request for a further delay, the trial court stated, would be untimely. Defendant said that he did not have an opportunity at the time the "mistrial" was declared to speak with defense counsel—apparently about receiving an additional 60 days to prepare due to the "mistrial." Defendant again stated his belief that once the trial court declared a "mistrial" he had the right to proceed in "pro per because from that time forward, it is 60 days. It is 0 to 60 days from that moment of mistrial. Right or wrong?" The trial court stated that defense counsel had not requested that the 60-day trial period start anew and reiterated that both parties indicated that they wanted to proceed immediately.

Because it was almost noon, the trial court stated that it would resume defendant's matter at 1:30 p.m. The trial court told defendant, "So I want you to reconsider what you had asked the court, if you want to add anything else. I will give you time to think about it. I will also give you time to talk to [defense counsel] further between now and 1:30."

After the recess, defense counsel stated, "Your Honor, I believe that [defendant] wants to go pro per and is ready to go forward from this moment." The trial court addressed defendant's contention that the 60-day period to bring him to trial started again when the trial court declared a "mistrial." The trial court explained that although defense counsel had moved for a "mistrial," and therefore the trial court had referred to "it" as a

---

[7]    The trial court also stated that when it said that it was going to get a new jury panel both sides "agreed" and "announced ready." Although the record fairly reflects that the parties acquiesced in proceeding immediately, it does not reflect that the parties actually "agreed" or "announced ready." The trial court further stated, "That's why I had ordered a panel for today and that's why when [the] attorneys came this morning, I asked if there were any issues why we can't go forward or any issue that they want to put on the record, and nobody—nobody did." Although the record does not reflect any such statement, neither party challenged the trial court's recollection, perhaps because the statement was made off the record.

"mistrial," "jeopardy did not attach because we did not swear in the 12 jurors. We are still in jury selection, so it's not a "mistrial" where it triggers new time and all of that. [¶] It is actually just a—just, you know, proceeding forward with jury selection and we are just getting a new panel. We are getting a new panel, so it was not legally a mistrial. I just asked for a new panel, so the new time period was not started. [¶] Regardless of that—well, especially in light of that, the court is not inclined to grant the *Faretta* request. It is not only a further delay of the case in which the court can deny a motion to represent oneself, but as I stated earlier, we're in the middle of jury selection. We started the trial."

The trial court said to defendant, "I'm understanding what [defense counsel] is saying that you are not asking for a continuance. Are you saying even if I grant it you, you are ready to go forward?" Defendant responded, "Yes, I'm ready to go." Defendant said, "If you can give me a court order to get to the pro per provider to get the resources that I need." The trial court responded, "I would do that if I granted a *Faretta*, but I am not going to do that, okay. It is—this is a very serious case. We're in the middle of jury selection. We already started the trial and you're asking to represent yourself. The court can deny it. [Defense counsel] is going to remain in the trial."

Defendant asked, "So I lose my right to go pro per; right?" The trial court responded, "You do have a right to go pro per, but the court also has some discretion in determining when is the right time to grant the pro per status. If you had asked for it earlier before we started the trial, that would have—that may have been different, but—" Defendant asked, "What is the reason for it? Because there is not handicaps on my end. So I don't understand why we can't proceed me being my own counsel with such experience that I have." The trial court responded, "As I stated, you do have the right, but the court has the right to deem under certain circumstances that it is not appropriate."

## B.    Application of Relevant Principles

"A trial court must grant a defendant's request for self-representation if the defendant unequivocally asserts that right within a reasonable time prior to the

8

commencement of trial, and makes his request voluntarily, knowingly, and intelligently. (*People v. Welch* (1999) 20 Cal.4th 701, 729 [85 Cal.Rptr.2d 203, 976 P.2d 754]; *People v. Windham* (1977) 19 Cal.3d 121, 127-128 [137 Cal.Rptr. 8, 560 P.2d 1187] (*Windham*).) As the high court has stated, however, '*Faretta* itself and later cases have made clear that the right of self-representation is not absolute.' (*Indiana v. Edwards* (2008) 554 U.S. 164, 171 [171 L.Ed.2d 345, 128 S.Ct. 2379, 2384]; see *Jones v. Barnes* (1983) 463 U.S. 745, 751 [77 L.Ed.2d 987, 103 S.Ct. 3308], citing *Faretta, supra,* 422 U.S. 806 ['we have held that, with some limitations, a defendant may elect to act as his or her own advocate . . .'].) Thus, a *Faretta* motion may be denied if the defendant is not competent to represent himself (*Indiana v. Edwards,* at p. 178 [128 S.Ct. at p. 2388]), is disruptive in the courtroom or engages in misconduct outside the courtroom that 'seriously threatens the core integrity of the trial' (*People v. Carson* (2005) 35 Cal.4th 1, 6 [23 Cal.Rptr.3d 482, 104 P.3d 837]; see *id.* at p. 8; *Faretta,* at p. 834, fn. 46), or the motion is made for purpose of delay (*People v. Marshall* (1997) 15 Cal.4th 1, 23 [61 Cal.Rptr.2d 84, 931 P.2d 262] (*Marshall* )).\" (*People v. Lynch, supra* 50 Cal.4th at pp. 721-722.) A trial court has no discretion to deny a valid, timely *Faretta* motion. (*Id.* at p. 726.) The erroneous denial of a timely motion for self-representation is reversible per se. (*People v. Butler* (2009) 47 Cal.4th 814, 824.)

The California Supreme court has "long held that a self-representation motion may be denied if untimely. (*Windham, supra,* 19 Cal.3d at pp. 127-128.)" (*People v. Lynch, supra,* 50 Cal.4th at p. 722.) "In order to invoke the constitutionally mandated unconditional right of self-representation, a defendant must assert that right within a reasonable time *prior to trial*. The latter requirement serves to prevent a defendant from misusing the motion to delay unjustifiably the trial or to obstruct the orderly administration of justice. [Citation.] If the motion is untimely—i.e., not asserted within a reasonable time *prior to trial*—the defendant has the burden of justifying the delay. [Citation.]" (*People v. Horton* (1995) 11 Cal.4th 1068, 1110 [motion made on the day of trial was scheduled to start was untimely] (italics added).) "'[O]nce a defendant has chosen to proceed to trial represented by counsel,' a defendant's motion for self-

representation is 'addressed to the sound discretion of the court.' (Fn. omitted.) (*Windham,* at p. 128.)" (*People v. Lynch, supra,* 50 Cal.4th at p. 722.) The erroneous denial of an untimely *Faretta* motion is reviewed under the harmless error test of *People v. Watson* (1956) 46 Cal.2d 818, 836. (*People v. Nicholson* (1994) 24 Cal.App.4th 584, 594-595.)

"[T]imeliness for purposes of *Faretta* is based not on a fixed and arbitrary point in time, but upon consideration of the totality of the circumstances that exist in the case at the time the self-representation motion is made." (*People v. Lynch, supra,* 50 Cal.4th at p. 724.) "[A] trial court may consider the totality of the circumstances in determining whether a defendant's *pretrial motion* for self-representation is timely. Thus, a trial court properly considers not only the time between the motion and the scheduled trial date, but also such factors as whether trial counsel is ready to proceed to trial, the number of witnesses and the reluctance or availability of crucial trial witnesses, the complexity of the case, any ongoing pretrial proceedings, and whether the defendant had earlier opportunities to assert his right of self-representation." (*Id.* at p. 726, italics added.) "An analysis based on these considerations is in accord with the purpose of the timeliness requirement, which is 'to prevent the defendant from misusing the motion to unjustifiably delay trial or obstruct the orderly administration of justice.' [Citation.]" (*Id.* at p. 724.)

Defendant's *Faretta* motion was unequivocal, voluntary, knowing, and intelligent. (*People v. Lynch,* 50 Cal.4th at p. 721.) It was not, however, timely. Defendant made his *Faretta* motion on the third day of jury selection. The Supreme Court has held untimely a *Faretta* motion made on the day trial was scheduled to commence. (*People v. Horton, supra,* 11 Cal.4th at p. 1110.) Defendant contends that his motion was timely because it was brought before the commencement of jury selection on July 5, 2012, and it was not accompanied by a request for a continuance. He asserts that the trial court's characterization of the timing of his motion as "in the middle of jury selection" was disingenuous as the trial court excused the jury panel on July 3, having declared a mistrial. He notes that he brought his motion on July 5, before a new panel of prospective jurors had entered the courtroom. Thus, defendant reasons, July 5 was

10

"tantamount in every conceivable way to the first day of trial, and since jury selection had yet to begin, [he] effectively brought his motion *before* his actual trial began."

We disagree with defendant's analysis that July 5 was the first day of jury selection. Jury selection commenced on July 2, the jury panel was excused on July 3 due to the issue with prospective juror number four, and a new jury panel was present on July 5 for jury selection to continue. Moreover, under *People v. Horton, supra,* 11 Cal.4th at page 1110, even if July 5 was the first day of jury selection, defendant's *Faretta* motion was untimely because it was made on the day set for trial. Further, defendant acknowledged he was not ready and needed a continuance. Only when he observed that the trial court considered this as a basis to now allow self representation did he reverse course. Accordingly, the trial court did not err in denying defendant's *Faretta* motion. Defendant does not argue alternatively that if his motion was untimely, the trial court prejudicially abused its discretion in denying it.

Defendant contends that the circumstances of his *Faretta* motion were like those in *People v. Tyner* (1977) 76 Cal.App.3d 352 where error was found. There, on the day the defendant's matter was called for jury trial, but before the jury was impaneled, the defendant expressed his displeasure with defense counsel's representation, and told the trial court, "(1) he wanted to 'dismiss counsel,' (2) he wanted to represent himself, (3) he was aware that he was facing 'ten years to life,' and (4) *he was ready to proceed forthwith*." (*Id.* at p. 354, fn. omitted.) The trial court denied the motion. (*Ibid.*) On appeal, the court of appeal held, "since it is undisputable that appellant's motion for self-representation was made prior to trial and was not accompanied by any request for a continuance, its grant would not have obstructed the orderly administration of justice. Therefore, we can only conclude appellant was denied his otherwise unconditional constitutional right of self-representation." (*Id.* at p. 355.)

*People v. Tyner, supra,* 76 Cal.App.3d 352 is distinguishable. In that case, the defendant's request to represent himself was made on the day the matter was called for jury trial and was viewed as having been made prior to trial. Here, defendant did not

11

request to represent himself on the first day of trial. Instead, he made the request on the third day of jury selection. Moreover, as stated above, the Supreme Court has held untimely a *Faretta* motion made on the day trial was scheduled to commence. (*People v. Horton, supra,* 11 Cal.4th at p. 1110.)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

MOSK, Acting P. J.

We concur:

KRIEGLER, J.

KUMAR, J.*

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.