Filed 12/15/14  P. v. Walker CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CONTRELL WALKER,<br><br>    Defendant and Appellant. | 2d Crim. No. B248460<br>(Super. Ct. No. BA399844)<br>(Los Angeles County) |

Contrell Walker was convicted by jury of home invasion robbery (Pen. Code, § 211 - count 1)[1] and of making criminal threats (§ 422, subd. (a) - count 2).  As to count 1, the jury found true the special allegations that appellant committed the offense in concert (§ 213, subd. (a)(1)(A).)  Appellant admitted previous convictions and prior prison terms and was sentenced to state prison for a term of seven years and eight months.

Appellant claims he was deprived of the effective assistance of counsel and that the trial court erred in denying his motion for self-representation. We affirm the judgment.

---

[1] All statutory references are to the Penal Code.

FACTS

Rasan Durham checked into a motel in Hollywood. He asked the person working at the front desk to put him in touch with a prostitute and was given appellant's cell phone number. Durham called the number and spoke with a woman. He and the woman agreed upon a price and a time when two prostitutes would meet him at his hotel.

Durham received a call later that evening that the prostitutes were downstairs and that he had to meet them outside. Appellant met two men outside the hotel who told him they wanted to check out the room to make sure the prostitutes would be safe. Appellant took them to his room where he was repeatedly threatened with death, robbed at gunpoint and beaten. Appellant reported the robbery to the police. Durham testified that the hotel video showed him entering the building with appellant and two other men.

After the robbery, Durham again called the number he had been given. He told the person who answered that he was the man they robbed, that he recognized appellant's voice and that appellant and the others were going to jail. Appellant replied, "I should have killed you at the hotel." When someone asked appellant who was on the phone, appellant replied, "It's that motherfucker we robbed." Durham reported this call to the police and gave them appellant's cell phone number.

Police determined the cell phone number belonged to appellant and were able to identify the area where calls and text messages to and from that number originated. Police surveillance of that area led them to a car like the one Durham said appellant and the other two men used on the day of the attack.

DISCUSSION

*Marsden Motion*

During jury selection, appellant petitioned the court to relieve his appointed counsel and to appoint a different attorney to represent him. (*People v. Marsden* (1970) 2 Cal.3d 118.) We review the court's denial of a *Marsden* motion

2

for abuse of discretion; we cannot find such abuse unless the denial substantially impaired appellant's right to effective assistance of counsel. (*People v. Abilez* (2007) 41 Cal.4th 472, 488.)

*Marsden* imposes several requirements upon the trial court. The court must allow the defendant to explain the basis of his or her complaint and relate specific instances of counsel's inadequate performance, and allow counsel to respond accordingly. (*People v. Abilez*, *supra*, 41 Cal.4th at pp. 487-488.) If the defendant presents facts that raise a question about counsel's effectiveness, the court must question counsel to ascertain the veracity of the claims made. (*Id.*, at p. 488.) The court must also make a record to sufficiently show the nature of defendant's complaints and the court's response to them. (*Ibid*.) A defendant is entitled to different counsel if the record demonstrates appointed counsel is not providing adequate representation or that defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result. (*Ibid.*) Tactical disagreements do not, by themselves, constitute irreconcilable conflict. (*People v. Alfaro* (2007) 41 Cal.4th 1277, 1319.)

To prevail on a claim for ineffective assistance of counsel, the defendant must also show prejudice; viz., that there is a reasonable probability the result would have been different absent counsel's ineffective representation. (*Strickland v. Washington* (1984) 466 U.S. 668, 694.)

The trial court granted appellant the required hearing on the issue, listened to his claims and then questioned his attorney about appellant's claims. The grounds appellant said were the basis for his request was that his appointed counsel (1) failed to secure records of the telephone calls and text messages he exchanged with Durham and the hotel surveillance video; (2) failed to file motions on his behalf; 3) failed to provide him with paperwork for him to review; 4) failed to meet with him to discuss his defense; and 5) untruthfully told him that she had obtained the text messages and telephone conversation when in fact she had only secured the call logs.

3

Appellant's counsel told the court that she spoke with him in the "lock up" and interview room at the courthouse during each of at least eight court appearances before trial. Appellant's counsel explained that she was not his first public defender and by the time she was appointed and informed of the text messages it was too late for either the prosecution or the defense to secure them. She could not retrieve the messages on appellant's cell phone because they had been deleted. Appellant's counsel said that she was able to secure call logs that supported his version of the events at the motel. Appellant's counsel said there was not a breakdown in communications and said she was able to provide appellant an effective defense.

The trial court found that defense counsel was not responsible for the destruction of any exculpatory evidence. The court also noted that appellant's goal of showing inconsistencies between his and Durham's accounts of how many times they called each other would be brought out through the introduction of the call logs. The trial court found that defense counsel had acted with reasonable and due diligence and that appellant's allegations were not credible.

Appellant failed to show any prejudice arose from his complaints. Even if the text messages and calls had been secured and showed the discrepancies claimed by appellant, there existed overwhelming evidence supporting the jury's verdict. Appellant and his associates made no effort to conceal their identity, relying instead on death threats and social stigma to silence their victim. Appellant used his own cell phone number in soliciting calls for prostitutes that produced his robbery victim. Durham positively identified appellant as one of his assailants and recognized appellant's voice in the call made a week or two later. Durham, appellant and the two other men were shown entering the motel on the video surveillance tape. This evidence alone supports the jury's verdict. It is unlikely appellant would have obtained a more favorable outcome had the texts and tapes been available to appellant.

4

Nothing in the record convinces us that appellant did not receive effective representation or that there was such an irreconcilable conflict that ineffective representation was likely to result. The trial court did not abuse its discretion.

*Faretta Motion*

Appellant claims the trial court abused its discretion by denying his *Faretta* motion for self-representation (*Faretta v. California* (1975) 422 U.S. 806). A *Faretta* motion cannot arise from a defendant's annoyance with counsel nor the court's denial of a *Marsden* motion. (*People v. Marshall* (1997) 15 Cal.4th 1, 21-23.) A *Faretta* motion that is not made within a reasonable time prior to trial is addressed to the sound discretion of the trial court. (*People v. Marshall* (1996) 13 Cal.4th 799, 827.) When a defendant asserts the right to self-representation on the eve or day of trial, the court has discretion to deny the request. (See *People v. Valdez* (2004) 32 Cal.4th 73, 102-103.)

Here, appellant's *Faretta* motion followed on the heels of the denial of his *Marsden* request and after jury selection was underway. Appellant had appeared with his counsel on 10 occasions between his arraignment on August 8, 2012, and when his jury trial commenced on March 5, 2013. After the Public Defender's office had spent seven months preparing appellant's defense, appellant told the court he was not prepared to immediately proceed to trial and needed time to review the file. (See *People v. Tyner* (1977) 76 Cal.App.3d 352, 354-355 [denial of *Faretta* motion was reversible error where defendant indicated he was ready to proceed to trial, prepared to cross-examine witnesses, had identified his defense theory, and had not requested substitute counsel].) It is likely that appellant's request was an expression of dissatisfaction with the court's ruling, rather than a true desire for self-representation.

There was no abuse of discretion in denying appellant's request to represent himself at this stage of the proceedings.

5

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


BURKE, J.*


We concur:



YEGAN, Acting P. J.



PERREN, J.

---

*(Judge of the Superior Court of San Luis Obispo County, assigned by the Chief Justice pursuant to art. 6, § 6 of the Cal. Const.)

Michael D. Abzug, Judge

Superior Court County of Los Angeles

_____

G. Martin Velez, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, James William Bilderback II, Supervising Deputy Attorney General, Brendan Sullivan, Deputy Attorney General, for Plaintiff and Respondent.